# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SHARON STROUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.   1:10-cv-2426 |
| vs. | ) |
| | ) |
| GURSTEL CHARGO, P.A. d/b/a | ) **JURY DEMAND ENDORSED HEREON** |
| GURSTEL, STALOCH & CHARGO, | ) |
| P.A., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, SHARON STROUD, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, GURSTEL CHARGO, P.A. d/b/a GURSTEL, STALOCH & CHARGO, P.A., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

## JURISDICTION AND VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Beachwood, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a professional association of the State of Minnesota, which is not licensed to do business in Ohio and which has its principal place of business in Golden Valley, Minnesota.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During the calendar month of September, 2009, Defendant's representatives and/or employees, including, but not limited to individuals who identified themselves as Nate (last name unknown), Jevadiah (last name unknown) and Brian (last name unknown), began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt.

8. During at least one of the aforementioned telephone calls, Defendant's representative threatened Plaintiff with garnishment of her wages, despite the fact that no judgment has been entered against Plaintiff with regard to the alleged debt. Further, upon information and belief, none of the employees or representatives of Defendant is an attorney licensed to practice law in the State of Ohio, and Defendant is therefore not capable of pursuing garnishment proceedings against Plaintiff in Ohio.

9. During at least one of the aforementioned telephone calls, Defendant's representative threatened to sue Plaintiff in Minnesota to recover the alleged debt, where Defendant's business is based, instead of in Ohio, where Plaintiff resides.

10. During at least one of the aforementioned telephone calls, Defendant's representative held himself out to be an attorney and/or communicating on behalf of an attorney capable of pursuing legal action against Plaintiff in Ohio.

11. On or about January 18, 2010, Plaintiff mailed a letter to Defendant requesting that she not be contacted by telephone. A copy of said letter is attached hereto as Exhibit 1.

12. On or about January 20, 2010, Plaintiff mailed another letter to Defendant requesting that Defendant cease all contact with her. A copy of said letter is attached hereto as Exhibit 2.

13. However, Defendant's representatives and/or employees have continued to contact Plaintiff by telephone in attempts to collect the alleged debt.

14. Also on or about January 20, 2010, Plaintiff mailed another letter to Defendant requesting validation of the alleged debt. A copy of said letter is attached hereto as Exhibit 3.

15. On or about February 23, 2010, Plaintiff mailed another letter to Defendant restating her previous request for validation of the alleged debt. A copy of said letter is attached hereto as Exhibit 4.

16. To date, Defendant has not responded to Plaintiff's requests for validation of the alleged debt, but has nevertheless continued in its attempts to collect the alleged debt.

17. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

a. Continuing to communicate with Plaintiff after Defendant was notified in writing that Plaintiff refused to pay the alleged debt and/or that she wished for Defendant to cease further communication with her, in violation of 15 U.S.C. § 1692c(c);

b. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

c. Falsely representing or implying that Defendant's employee was an attorney who was licensed to practice law in the State of Ohio or was communicating on behalf of an attorney who was licensed to practice law in the State of Ohio, in violation of 15 U.S.C. § 1692e(3);

d. Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

e. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

f. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

18. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SHARON STROUD, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

19. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

20. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

21. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

22. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

23. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

24. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

25. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, SHARON STROUD, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $200.00 for each violation of the OCSPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com